UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID LEE WILLIE, )<br>)<br>Defendant. ) | No. 4:05-CR-90 CEJ |

**ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Terry I. Adelman for determination and recommended disposition, where appropriate. On April 27, 2005, Judge Adelman issued a Memorandum and Recommendation with respect to the motion filed by defendant David Lee Willie to suppress evidence and statements. On May 4, 2005, the defendant filed timely objections to the recommendation that his suppression motion be partially denied. The United States has filed no objection to the recommended suppression of a statement the defendant made concerning the contents of a tan lock box.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objection is made. In conducting its review, the Court has listened to the recordings of the evidentiary hearings before the magistrate judge, examined the exhibits received into evidence, and read the transcripts of the hearings. Having done so, the Court concludes

that the factual findings made by Judge Adelman are supported by the evidence and his legal conclusions are correct.  In particular, the evidence is undisputed that the initial encounter between Eureka, Missouri police officer William Knittel and the defendant was prompted by the officer's observation of the defendant's car parked illegally in the fire lane of a motel parking lot.  Because Officer Knittel knew the defendant to be a resident of Eureka, he found it odd that the defendant was at a motel at 4:00 a.m. loading boxes into his car.  Given these circumstances, Officer Knittel had reasonable suspicion to approach the defendant, ask him to produce his driver's license, and conduct a limited pat-down search for weapons.  <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).  Officer Knittel's subsequent detection of the odor of ammonia emanating from the defendant's body and vehicle, and his observation of the defendant's nervous demeanor and open sores on his face gave rise to the reasonable suspicion that the defendant may have been involved in transporting or producing methamphetamine.  Thus, Officer Knittel's questioning of the defendant about methamphetamine and anhydrous ammonia was a lawful expansion of the investigation.  <u>United States v. Johnson</u>, 58 F.3d 356, 357-58 (8th Cir. 1995).  The defendant was not under arrest or otherwise in custody by reason of the limited detention that occurred during this encounter.  Thus, the defendant had no right to be given the <u>Miranda</u> warnings before being questioned.   <u>Berkemer v. McCarty</u>, 468 U.S. 420, 439 (1984).

The Court further finds that the facts support the conclusion that the defendant voluntarily consented to the search of his pockets. Probable cause to arrest the defendant arose when Officer Michael Smith discovered in the defendant's pocket a straw commonly used in the consumption of methamphetamine that contained a residue that appeared to be methamphetamine. The officers' questioning of the defendant about the location of his motel room and whether anyone was with him was justified by a public safety concern about the presence of dangerous chemicals used in manufacturing methamphetamine. As such, there was no requirement that the Miranda warnings be given. United States v. Williams, 181 F.3d 945, 954 (8th Cir. 1999).

The evidence also supports the conclusion that the defendant voluntarily consented to the search of his motel room. Additionally, the discovery of suspected methamphetamine on the defendant's person and the odor of ammonia that emanated from his vehicle established probable cause to search the vehicle without a warrant. Chambers v. Maroney, 399 U.S. 42 (1970). Because the defendant was under arrest and there was no one else to take custody of his vehicle, it was lawful for the police to conduct an inventory search of the vehicle before it was towed away. Colorado v. Bertine, 479 U.S. 367 (1987); Illinois v. Lafayette, 462 U.S. 640 (1983).

The evidence also establishes that the defendant was properly advised of and understood his rights to remain silent and to

counsel. Miranda v. Arizona, 384 U.S. 436, 466-67 (1966). Because the defendant thereafter voluntarily waived his rights, his statements will not be suppressed.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum and Recommendation of United States Magistrate Judge Terry I. Adelman is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motion of defendant David Lee Willie to suppress evidence and statements [Doc. # 15] is **granted** with respect to the defendant's pre-Miranda statement about the contents of the tan lock box and **denied** in all other respects.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2005.